**E-FILED**
Tuesday, 05 February, 2013  04:33:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| RAFE W. THRASHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-4071-SLD-JAG |
| | ) | |
| ILLINOIS REPUBLICAN PARTY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Rafe W. Thrasher alleges Defendant Illinois Republican Party ("Republican Party" or "Party") violated his right to vote under 42 U.S.C. § 1971(a)(2)(B).  At issue is the Republican Party's Motion to Dismiss, ECF No. 12.  For the reasons set forth below, the Party's Motion is granted, and the case is hereby dismissed.

## BACKGROUND

As further detailed in the Court's Order denying Thrasher's request for injunctive relief, ECF No. 15, the facts of this case center around Thrasher's perceived infringement on his constitutionally-protected right to vote.  (*See* Compl., ECF No. 1.)  Thrasher claims that these violations occurred at the Illinois Republican Party State Convention held in Tinley Park, Illinois, on June 9, 2012.  At the Convention, state delegates were to vote for twelve at-large delegates who would go on to elect the Republican presidential nominee at the Republican National Convention (57 winner-take-all delegates had already been apportioned to Governor Mitt Romney, for a total Illinois delegate count of 69).  Thrasher, along with other supporters of

candidate Ron Paul, intended to secure six at-large delegates who would represent the 86,605 Illinois Republican voters who had voted for Paul in the Illinois Republican primary election.

Thrasher and his fellow Ron Paul supporters saw two opportunities to obtain a vote for the Paul delegates at the Convention.  The first was to have the Paul delegates selected through the Convention Committee on At-Large Delegates and Alternatives on Friday, June 8, 2012.  When Paul supporters requested a vote before the Committee, however, Party officials informed them that their motion for a vote was untimely and that they failed to obtain prior approval to submit at-large delegates for a vote before the Committee.

Thrasher's second option was to obtain a vote on the Paul delegates through written motion on the Convention floor on Saturday, July 9, 2012.  Before doing so, Thrasher attempted to obtain the rules for the Convention in order to prepare a valid motion, but was repeatedly told that the rules were not available yet.  He did, however, manage to obtain a draft copy that required 500 photocopies of a written motion to be presented for that written motion on the floor to be considered valid.  This photocopy requirement was in addition to the previously-disseminated requirement that a motion would only be considered for a majority vote if it had fifty or more signatures.  Accordingly, Thrasher and his fellow Paul supporters made copies of their motion, and endeavored to obtain the requisite fifty signatures before the Convention opened the next day.   Many individuals signed the motion but later returned to revoke their signature—an occurrence Thrasher attributes to an order from the Republican Party's management to delegation chairmen "not to sign anything." (Compl. at 5, ECF No. 1.)  By the time the Convention began on Saturday, Thrasher's motion was left with only 37 signatures.  At precisely 11:20 a.m., when the Convention doors opened, written motions were due for presentment.  Thrasher presented his motion for a vote but it was denied for having insufficient

2

signatures.  Thrasher also alleges that it was not until the Convention opened and written motions were due for presentment that the new rules were made available for public viewing (although Thrasher admits he obtained a draft copy of the rules beforehand and prepared his motion accordingly).

On August 9, 2012, Thrasher filed his Motion to Expedite and Order a Preliminary Injunction, ECF No. 10.  In it, he moved the Court to bar the Republican Party from sending its twelve at-large delegates to the Republican National Convention in Tampa Bay, Florida, on August 27-30, 2012.  The Court, interpreting Thrasher's Motion as a request for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b), denied the Motion, finding that the requirements for a TRO were not met.  (*See* ECF No. 15.)  Although the Republican National Convention occurred without the delegates Thrasher wanted sent, Thrasher argues that his Complaint is not moot because he seeks to prevent substantially similar acts by the Republican Party from occurring again.  Thrasher therefore requests a declaration by the Court that segments of the Illinois Republican Party bylaws violate 42 U.S.C. § 1971(a)(2)(B).

The Republican Party filed its Motion to Dismiss, ECF No. 12, on August 24, 2012, and Thrasher filed his Response, ECF No. 16, on August 27, 2012.[1]

## ANALYSIS

### I.  Standard of Review

The Republican Party moves to dismiss Thrasher's claims under Federal Rule of Civil Procedure 12(b)(6) for failing to state a cause of action upon which relief can be granted.  A

---

[1] Thrasher also prematurely filed a Motion for Summary Judgment, ECF No. 17, on August 27, 2012, but there is no need to evaluate that Motion because this Order adequately disposes of the case.

motion to dismiss pursuant to Rule 12(b)(6) evaluates the sufficiency of the allegations presented in the complaint.  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotations omitted). The pleader's claim must be facially plausible, meaning that the factual allegations allow the court to draw a "reasonable inference" that the purported misconduct occurred.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The complaint does not need to allege "all, or any, of the facts logically entailed by the claim and it certainly need not include evidence."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  The factual allegations of the complaint are presumptively true and are viewed in the "light most favorable to the plaintiff*."  Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted).

## II.  Thrasher's Allegations of Voting Rights Violations by the Republican Party under 42 U.S.C. § 1971

Thrasher cites 42 U.S.C. § 1971 (specifically, § 1971(a)(2)(B)) as the statutory authority for granting him relief.  (*See* Compl. at 7-10, ECF No. 1.)   Section 1971(a)(2)(B) states, "No person acting under color of law shall . . . deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election[.]"

Because § 1971 applies to "any election," Thrasher contends, the statute bars the Republican Party from orchestrating an "illusory voting scheme" at a state political party convention.  The crux of Thrasher's argument is that the Party, by ordering delegates "not to sign

anything" and by not releasing the Convention rules until the precise moment that written motions were due, interfered with Thrasher's ability to obtain 50 signatures for his written motion. That deficiency in signatures is the "error or omission" that Thrasher claims the Party used as the basis for denying his written motion to come for a vote on the floor, thus preventing Thrasher from voting on his slate of Ron Paul delegates. The inference to be drawn is that, by preventing a vote on the Ron Paul delegates, the Party limited Thrasher's vote to only those delegates pledged to Mitt Romney and thereby rendered his vote meaningless.

Although § 1971 is commonly attributed to the Voting Rights Act of 1965 (that distinction belongs to 42 U.S.C. §§ 1973-1973aaa-6), § 1971 in fact owes its genesis to the Civil Rights Act of 1957. That act, which was the first significant federal civil rights legislation since Reconstruction, was primarily aimed at safeguarding voting rights for disenfranchised minorities. *See* Brian K. Landsberg, *Sumter County, Alabama, and the Origins of the Voting Rights Act*, 54 Ala. L. Rev. 877, 881 (2003); Warren M. Christopher, *The Constitutionality of the Voting Rights Act of 1965*, 18 Stan. L. Rev. 1, 4-5 (1965). Among other things, the Act established the Civil Rights Division of the Department of Justice, created the Civil Rights Commission, and empowered federal officials to enjoin public and private interference with the right to vote on racial grounds. As amended, § 1971 prohibits public or private actors from using different voting standards among persons qualified to vote, denying the right to vote due to immaterial errors in voter registration forms, or using literacy tests. The section Thrasher cites in support of his Complaint, § 1971(a)(2)(B), was enacted by way of Title I of the Civil Rights Act of 1964, Pub. L. 88-352, § 101, 78 Stat. 241, and specifically targets the practice of requiring unnecessary information on voter registration forms with the intent that such requirements would increase the number of errors or omissions on the application forms, thus providing an excuse to disqualify

5

potential minority voters. *See Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153,

1173 (11th Cir. 2008) *and Schwier v. Cox*, 340 F.3d 1284, 1294 (11th Cir. 2003), *both citing*

*Condon v. Reno*, 913 F.Supp. 946, 950 (D. S.C. 1995) (identifying the discriminatory practice of

disqualifying applicants who failed to list the exact number of months and days in their age).

Hopefully this brief historical overview provides some context for why Thrasher's

Complaint must be dismissed, as neither the plain language nor the purpose behind

§ 1971(a)(2)(B) provide redress for the harms Thrasher alleges.  First, Thrasher's right to "vote

in any election" was not violated.  § 1971(e) defines "vote" to include "all action necessary to

make a vote effective including, but not limited to, registration or other action required by State

law prerequisite to voting, casting a ballot, and having such ballot counted and included in the

appropriate totals of votes cast with respect to candidates for public office and propositions for

which votes are received in an election[.]"  Thrasher does not claim that the Republican Party

prevented him from registering to vote or from casting a ballot for Ron Paul in the Illinois

general primary election, nor that his vote in the primary was not counted.  Instead, Thrasher

asks this Court to apply the statute to the inner workings and negotiations of a state political

party convention—a domain far outside the statute's purview.  § 1971(a)(2)(B)  seeks to correct

iniquities in the voter registration process, see *Schwier*, 340 F.3d at 1294, not oversee the

election of delegates at a state party convention.   Thrasher's claimed injury under §

1971(a)(2)(B) is far afield of the actual harms the statute protects against: discrimination in the

registration of voters.   Courts that have applied the statute have done so in the context of voter

registration, and not on the basis of irregularities in party convention procedures. *See Schwier v.*

*Cox*, 439 F.3d 1285, 1286 (11th Cir. 2006) (affirming district court's holding that disclosure of

Social Security numbers not "material" to a voter registration system under § 1971(a)(2)(B)) *and*

*Washington Ass'n of Churches v. Reed*, 492 F.Supp.2d 1264, 1270-71 (W.D. Wash. 2006) (finding that plaintiffs demonstrated a likelihood of success on the merits of their claim that § 1971(a)(2)(B) was violated by state's "matching" statute requiring the state to match a potential voter's name to either the Social Security Administration database of the to the Department of Licensing database).

For these reasons, the Court finds that Thrasher has failed to state a claim upon which relief can be granted because he has pleaded no facts alleging any plausible violation of 42 U.S.C. § 1971(a)(2)(B).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Even construing the factual allegations in Thrasher's Complaint in the light most favorable to him, there is simply no reasonable inference to be drawn that the Party violated the statute.[2]

---

[2] Not only are Thrasher's claims non-actionable under the statute he relies on, but it is unclear whether Thrasher even has standing to assert a private right of action under § 1971, as § 1971(c) provides that the Attorney General—not private citizens—may institute civil actions to remedy violations of subsections (a) and (b).  The majority of courts to address this issue have held that private plaintiffs like Thrasher lack standing to enforce such suits.  *See McKay v. Thompson*, 226 F.3d 752, 756 (6th Cir. 2000) ("Section 1971 is enforceable by the Attorney General, not by private citizens."); *Gilmore v. Amityville Union Free Sch. Dist.*, 305 F.Supp.2d 271, 279 (E.D.N.Y 2004) (the provisions of § 1971 "are only enforceable by the United States of America in an action brought by the Attorney General"); *Spivey v. Ohio*, 999 F.Supp. 987, 996 (N.D. Ohio 1998) ("The terms of § 1971(c) specifically state that the Attorney General may institute a civil action to remedy a violation of the Voting Rights Act. An individual does not have a private right of action under § 1971."); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F.Supp. 815, 820 (E.D. Mich. 1996) ("Section 1971 is intended to prevent racial discrimination at the polls and is enforceable by the Attorney General, not by private citizens."); *but see Schwier v. Cox*, 340 F.3d 1284, 1297 (11th Cir. 2003) (holding that § 1971 may be enforced by a private right of action under § 1983).  This Circuit has not ruled on whether a private plaintiff may enforce the provisions of § 1971, and this Court has no need to do so now, but merely takes note of Thrasher's dubious standing to assert his claim.

## CONCLUSION

For the foregoing reasons, the Illinois Republican Party's Motion to Dismiss is granted. The Court also finds as moot Thrasher's Motion for Summary Judgment, ECF No. 17. Thrasher's suit is hereby dismissed.

Entered this 5th day of February, 2013.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE
